UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAYUSE, LLC, t/a WILD WEST CITY,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA. et. al,<br><br>Respondent. | Civil Action No. 2:14-CV-8093 (ES)(JAD)<br><br>**OPINION** |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Petitioner, Cayuse, LLC trading as Wild West City's ("Petitioner") Motion for Leave to File an Amended Complaint. (ECF No. 20). Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. Upon careful consideration of the parties' submissions (ECF No. 20, 21,24), and for the reasons set forth below, Petitioner's Motion to Amend is **DENIED**.

**I.     RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

On December 29, 2014, the Petitioner filed a Complaint Petition for a De Novo Review ("Complaint") of the Bureau of Alcohol, Tobacco, Firearms and Explosives, Newark Field Division (hereinafter "ATF or Respondent") action which revoked its federal firearms license. (Compl., ECF No. 1 at 2).

Petitioner is a western theme park located in the State of New Jersey. (Id.) Petitioner was owned and operated by the Stabile family. (Id.) "Both state and federal firearms licenses have been held in Stabile's name individually as well as in the names of StaMat Corporation and Western World, Inc., companies that have previously traded as Wild West City." (Id.) Petitioner alleges that they use the license to purchase firearms for theatrical purposes at Wild West City.

(Id.) The license is also used "for the sale of firearms to local law enforcement, re-enactors and unrelated third parties for their own private use unassociated with the theme park." (Id. at 3).

On July 7, 2006, a performer was shot in the back of the head during one of the re-enactments at Wild West City. (Compl., ECF No. 1 at 3). As a result, "the Sussex County, New Jersey grand jury returned a 25 count indictment against Stabile, Cheyenne Corporation (the corporation that owns the real estate that WWC operates upon), Western World, Inc., which at the time traded as Wild West City, and two other individual defendants who were employees of Wild West City." (Id. at 3). The Sussex County Prosecutor's Office alleged, that one of the performers, "was in a hurry for the performance and inadvertently loaded one of WWW's operable firearms with live ammunition that another performer brought to the park, concealed in a closed gun case, in violation of company policy and without the knowledge of management."[1] (Compl., ECF No. 1 at 3). Thirteen of those counts applied to Stabile, seven counts applied to Cheyenne Corporation and Western World, Inc. All counts of the indictment were dismissed as to Stabile and Cheyenne Corporation. (Id.). All but one count was dismissed as to Western World. As to the criminal matter, Western World pleaded guilty "to being an accomplice to unlawful possession of a handgun, i.e. not having a carry permit, a third degree crime in the State of New Jersey." (Id.). As a result, Western World was sentenced to one-year probation and ordered to pay a fine. (Id.). On October 12, 2012, the criminal matter was concluded. (Id.)

As a result of the shooting that took place at Wild West City and the subsequent criminal investigation, the State of New Jersey refused to renew Wild West City's state retail firearms license. (Id. at 3). On September 30, 2010, the Honorable N. Peter Conforti, J.S.C., presiding in Sussex County, New Jersey, denied the renewal application of Stabile's New Jersey Retail

---

[1] The actor later admitting before a Grand Jury to intentionally shooting the performer.

Firearms License due to the criminal charges pending in the indictment against Stabile. Stabile requested a hearing and appealed the matter to the New Jersey Superior Court, Appellant Division. (Id. at 4).

At the time the Complaint was filed, there were two appeals pending in the New Jersey Superior Court, Appellant Division. The two appeals were merged. (Compl., ECF No. 1 at 4). Docket number A-4229-11T2 was filed by Petitioner on May 25, 2012 due to the denial of Petitioner's renewal application for a New Jersey State License to Retail Firearms. (Pet. Br., ECF 20 at 5). On March 28, 2016, the New Jersey Superior Court, Appellate Division decided docket number A-4229-11T2. The court vacated its previous order denying the Petitioner's license. (Pet. Br., ECF No. 20 at 6). However, the court did not remand the application for a new hearing because the license had lapsed.[2] Petitioner has submitted a new application with the New Jersey State Police. Petitioner alleges that the New Jersey State Police takes the position that the Petitioner can only retail firearms to re-enactors that carry a permit. (Pet. Br., ECF No. 20 at 6).

Also pending before the New Jersey Superior Court, Appellate Division was an appeal filed by Western World, Inc. assigned as docket number A-3007-12T2. Western World appealed the legal question of "whether or not it or any other 're-enactors' needed a carry permit." (Compl., ECF No. 1 at 3). However, Western Word, Inc. decided to withdraw its appeal. (Pet. Br., ECF No. 20 at 7).

On or about July 3, 2014, Petitioner was notified by Respondent that its federal firearms license application was being denied. (Compl., ECF No. 1 at 5). The notice of denial indicated

---

[2] The New Jersey Superior Court, Appellate Division ordered that Petitioner must reapply for its state license. In re: Application for a Retail Firearms Dealer's License Renewal by Cayuse Corp. LLC, 2016 N.J. Super. LEXIS 46, at *22-23 (March 28, 2016). The Appellate Division was clear that it "express[es] no opinion on the merits of such an application." Id. at *23.

that Respondent's decision was based on Petitioner's inability to certify that its federal firearms business would be in compliance with state law, as it lacked the requisite state retail firearms license and that Petitioner did not have a premises from which it intended to conduct its federal firearms business. (Id. at 5). Petitioner filed for a hearing with the ATF to review the notice of denial of its federal license. (Id.)

On September 15, 2014, the ATF conducted a hearing on the notice of the denial of Petitioner's federal firearms license. (Compl., ECF No. 1 at 5). Following the hearing, ATF issued a "Final Notice of Denial" to Petitioner. (Id.) On October 29, 2014, ATF revoked Petitioner's license. (Id.)

On December 29, 2014, Petitioner filed a Complaint in this Court for de novo review of Respondent's October 29, 2014 decision. (Compl., ECF No. 1). On May 20, 2016, Respondent filed a "motion to dismiss or alternatively motion for summary judgment". (ECF No. 11). On July 12, 2016, Petitioner filed a motion to amend the Complaint. (ECF No. 20). Petitioner's motion to amend the complaint seeks to add John Hoffman, the acting Attorney General of the State of New Jersey and Francis Koch, the Sussex County Prosecutor, and the Superintendent of the State Police to this action. (Pet. Br., ECF No. 20 at 5). Petitioner's renewal application for its State License to Retail Firearms is currently pending before the Honorable William J. McGovern, III, in the Superior Court of New Jersey, Criminal Division, Sussex County. (Pet. Ltr., ECF No. 24 at 2).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, allowing a party to amend its pleadings after obtaining the Court's leave or the written consent of its adversary. Under this liberal rule, the Court must "freely give leave when justice so requires." Fed. R. Civ.

P. 15(a)(2); see also Wright & Miller section 1484, at 676 ("Subdivision (a)(2) encourages the court to look favorably on requests to amend."). This lenient standard ensures that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted); see also Sabatino v. Union Township, No. 11-1656 (JLL), 2013 U.S. Dist. LEXIS 54866, at *17-18 (D.N.J. April 15, 2013) (internal citations omitted) (acknowledging that "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.").

The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). While courts have broad discretion to decide motions to amend, they must "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." Voilas et al. v. General Motors Corp., et al., 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted). However, leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

A proposed amendment "is futile if the amended complaint would not survive a motion to dismiss." County of Hudson v. Janiszewski, 351 F. App'x 662, 666 (3d Cir. 2009) (quoting Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000)); In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'") (internal citation omitted). Therefore, "[t]he futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion." Marjam Supply Co. v. Firestone Bldg. Prods. Co., LLC, No. 11-7119 (WJM), 2014 U.S. Dist. LEXIS 46572, *9-10 (D.N.J. Apr. 4, 2014). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. See, e.g. Ortiz v. Murray, No. 15-8453 (FLW), 2016 U.S. Dist. LEXIS 172725, *5 (D.N.J. Dec. 14, 2016) ("When deciding if a motion to amend is futile, the Court looks at the four corners of the complaint and accepts as true all facts plead by Plaintiff."). The Court notes that the non-moving party bears the burden of establishing that Petitioner's proposed amendment is futile, and that, "given the liberal standard applied to the amendment of pleadings," that burden is a "heavy" one. Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000); accord Marjam, 2014 U.S. Dist. LEXIS 46572 at *10. "Therefore, '[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper.'" Schiano v. MBNA, No. 05-1771 (JLL), 2013 U.S. Dist. LEXIS 81440, *45 (D.N.J. Feb. 11, 2013).

Here, Respondent contends that the Court should deny Petitioner's motion because Petitioner's proposed amendments would be futile. (Resp. Br., ECF No. 21 at 8). The Court will address each of Respondent's arguments in turn.

## III. ANALYSIS

Petitioners seeks to amend the Complaint to add John Hoffman, the acting Attorney General of the State of New Jersey and Francis Koch, the Sussex County Prosecutor, and the Superintendent of the State Police to this action. (Resp. Br., ECF No. 21 at 8).

In the Proposed Amended Complaint Petitioner alleges claims against the Sussex County Prosecutor for its interpretation of N.J.S.A. 2C:39(5), requiring that "all reenactors, actors and performers have a carry permit for firearms used during reenactments and performances." (ECF

No. 20-1, at 2). Plaintiff alleges claims against John Hoffman, the acting Attorney General of the State of New Jersey for refusing "to provide a written opinion on the interpretation of the law as applies to reenactors" and instead has relied "upon the discriminatory interpretation of the Sussex County Prosecutor." (ECF No. 20-1, at 2). Petitioner also alleges that the Superintendent of the State Police is "attempting to block the renewal of Petitioner's New Jersey License to Retail." (ECF No. 20-1, at 2,3).

Petitioner brings three counts against the proposed parties. In Count One of Petitioner's Proposed Complaint, Petitioner alleges that N.J.S.A. 2C:39(5) (Unlawful possession of weapons), "violates fundamental liberties that are protected by the Due Process Clause, both on their face and as applied to Petitioner." (Prop. Am. Compl., ECF No. 20-1, at 15). Petitioner alleged that the State of New Jersey and the Sussex County Prosecutor discriminated against Petitioner by "denying the designation afforded [to] all other reenactors." (Id. at 15). Count Two of Petitioners Proposed Complaint alleges that N.J.S.A. 2C:39(5), violates "the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, both on its face and as applied to Petitioner." (Prop. Am. Compl., ECF No. 20-1, at 16). Petitioner alleges that N.J.S.A. 2C:39(5) is in conflict with the Federal Gun Control Act of 1968. (Id.) Petitioner alleges that the State of New Jersey is discriminating against the Petitioner by treating them differently and refusing to hear the appeal on "on this novel legal issue" of whether or not a re-enactor is required to carry a permit. (Id. at 16). Petitioner brings claims under 42 U.S.C. §1983 alleging that the State of New Jersey acted under the color of law when it discriminated against Petitioner. (Id.)

Petitioner argues that there has been no undue delay in this case as the New Jersey Superior Court, Appellate Division recently rendered a decision in the matter pending. (Pet. Br., ECF No. 20 at 8). Furthermore, Petitioner argues that the parties and proposed parties will not be prejudiced.

(Id. at 9). Petitioner contends that adding the additional parties will clarify the claims and "more fully adjudicate the matter." (Id. at 8-9). Furthermore, petitioner argues that the constitutional claims against the State of New Jersey do not "substantially change the theory on which this case is premised." (Id. at 9). "In fact, the ultimate determination of Petitioner's claims in the original complaint rests upon the claims within the amended complaint." Petitioner contends that the State of New Jersey is a necessary party in deciding the claims. Furthermore, Petitioner asserts that combining these claims into one action will ultimately conserve judicial resources. (Id. at 9). Petitioner contends that the proposed amendments will not be futile. "Petitioner's complaint in this case is plausible and the court can draw a reasonable inference that the respondents are liable for the misconduct alleged." (Id. at 10).

Respondent contends that Petitioner's proposed amendment is futile and should be denied because Petitioner's application for a state fire arms license is still pending before the Superior Court of New Jersey.[3] Respondent argues that Petitioner has failed to exhaust its administrative remedies in State Court. (Resp. Br., ECF No. 21 at 6). In Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, (1938), the Supreme Court of the United States held that "the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Id. at 50-51. Respondent argues that Petitioner cannot ask this Court to intervene in the matter pending before the State of New Jersey Police until "an initial decision is made, much less after the state courts were afforded the opportunity to review the potentially offending decision." (Resp. Br., ECF No. 21 at 6). Furthermore, Respondent contends that the "State's trial and appeals process is treated as a unitary

---

[3] Respondent does not address whether there is a finding of undue delay, undue prejudice, or bad faith or dilatory motive. The Court does not find that these grounds exist for the purposes of denying the motion.

system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect for the State as sovereign." (Id.)

Moreover, Respondent contends that the "abstention doctrine" prohibits this Court from interfering in the state action still pending before the Superior Court of New Jersey. (Resp. Br., ECF No. 21 at 8). Respondent contends that under Younger v. Harris, 401 U.S. 37 (1991), "federal courts must abstain under 'the principles of equity, comity and federalism' from interfering in on-going state criminal proceedings." (Id. at 8) (citing Salvati v. Dale, 364 F. Supp. 691 (W.D. Pa. 1973). "The Court has since extended this abstention doctrine to non-criminal state civil proceedings." (Id. at 8) (citing, Huffman v. Pursue, Ltd., 420 U.S. 592 (1975); Middlesex Cty Ethics Comm. v. Garden States Bar Ass'n, 457 U.S. 423 (1982)). In order for the abstention doctrine to apply, the court in Middlesex Cty. Ethics Comm. outlined three prongs: (1) there must be a pending or ongoing state proceeding which is judicial in nature; (2) the state proceeding must implicate important state interests; and (3) the state proceeding must afford an adequate opportunity to raise any constitutional issues." (Id. at 9) (citing O'Neil v. City of Philadelphia, 32 F. 3d 785, 790 (3d Cir. 1994).

As to the first prong, Respondent argues that all requirements are met here as the Petitioner concedes that there is currently an application pending before the New Jersey State Police and that the "process of review of those administrative proceedings is to the courts of the State of New Jersey". (Resp. Br., ECF No. 21 at 6). (citing Pet. Br., ECF No. 20 at 3). Respondent argues that the second prong is satisfied as the licensing of retail firearm applications "implicate[s] important state interests." (Id.) Respondent points out that the application process requires that "[t]he State Police Superintendent shall cause the applicant. . . to be investigated for the purposes of providing the judge . . . with such information as the Superintendent deems appropriate. . ." N.J.A.C. 13:54-

3.7. Furthermore, Respondent contends that the application process "goes directly to the physical safety of the residents of the State of New Jersey and nothing can more implicate important state interests than that responsibility." (Id.) Finally, Respondent argues that the third prong is met as Petitioner will be afforded the opportunity to raise constitutional issues in the state judicial proceedings. Respondent points to Petitioner's appeal on the denial of the firearms license. (Id. at 10). Respondent contends that In the Matter of the Application for a Retail Firearms Dealer License Renewal by Cayuse Corp. LLC, T/A Wild West City, 445 N.J. Super 80, (2016), the New Jersey Superior Court, Appellate Division addressed Petitioner's due process violations by reversing the trial court's decision on the basis of the due process violations. Id. at 93.

In reviewing the proposed amended complaint, and accepting all the facts as true, the Court finds that Petitioner's efforts to amend are futile. Petitioner attempts to bring claims against proposed defendants for issues related to the pending application for the state firearms license. According to the Petitioner's letter dated March 21, 2017, the state firearms application is currently pending before the Honorable Hon. William J. McGovern, III, in the Superior Court of New Jersey, Criminal Division Sussex County. (Pet. Ltr., ECF No. 24 at 2). The application and investigation report from the New Jersey State Police has been submitted to that court. (Pet. Ltr., ECF No. 24 at 1-3). Judge McGovern entered a scheduling order permitting Petitioner, the New Jersey State Police and the Sussex County Prosecutor's Office the opportunity to submit briefs addressing Petitioner's application. (Pet. Ltr., ECF No. 24 at 1-3). This Court cannot interfere in the State Court matter mid-process.

Moreover, the "abstention doctrine" applies in this matter. Under Younger, the court expressed a strong policy against the federal courts interfering with state proceedings absent extraordinary circumstances. Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S.

423, 431 (1982) (citing <u>Younger v. Harris</u>, 401 U.S. 37, 44 (1971). "The notion of 'comity' includes a 'proper respect for state functions, a recognition of the fact that the entire country is made up of a union of separate state governments, and a continuance of the belief that the national government will fare best if the states and their institutions are left free to perform their separate functions in their separate ways.'" <u>Id</u>. at 431 (quoting <u>Younger v. Harris</u>, 401 U.S. 37, 44 (1971).

In the matter at hand, the pending proceeding is judicial in nature. The New Jersey Superior Court, Appellate Division has summarized the procedure by which an applicant may obtain a firearms license in the State of New Jersey:

> Regulations promulgated by the State Police clarify that the application form is first submitted to the State Police, which forwards the application to the court. N.J.A.C. 13-54-3.3(b). "The Superintended shall cause the applicant. . . to be investigated for the purposes of providing the judge. . . with such information as the Superintendent deems appropriate. . ." N.J.A.C. 13:54-3.7. . . Any person denied approval by a superior court judge may file an appeal in accordance with law. N.J.A.C. 13:54-3.18(a).

<u>In the Matter of the Application for a Retail Firearms Dealer License Renewal by Cayuse Corp. LLC, T/A Wild West City</u>, 445 N.J. Super 80, 90 (2016).

The Court also finds that the retail firearms application implicates "important state interests". The language contained in N.J.S.A. 2C:58-2(a) demonstrates that the State of New Jersey has an interest in gun control and gun safety of its residents and businesses. The New Jersey legislature has authorized the Superior Court to decide whether an applicant is eligible for licensure using the application form provided by the State Police Superintendent. N.J.S.A. 2C:58-29(a) (See <u>In re Cayuse Corp. LLC</u>, 445 N.J. Super 80 at 89). The legislature has set up the requirements to determine whether "an applicant can be permitted to engage in business as a retail dealer of firearms. . . without any danger to the public safety, health and welfare." <u>Id</u>. Petitioner's theme

park is located in the State of New Jersey. Clearly, the State of New Jersey has an interest in monitoring the possession of weapons in the theme park visited by many New Jersey residents.

Finally, the state proceedings afford an adequate opportunity to raise the constitutional issues in the proposed complaint. As discussed above, if the application is denied, the Petitioner has the option of appealing the matter. (Resp. Br., ECF No. 21 at 8) (citing N.J.A.C. 13:54-3.18(a)). Petitioner may raise the constitutional issues throughout the state court proceedings. Furthermore, Petitioner has failed to demonstrate that any extraordinary circumstances exists in this matter for the Court to interfere with the proceeding at this juncture.

In reviewing all four corners of the proposed amended complaint, and accepting all of Petitioner's facts as true, the Court finds that the proposed amended complaint has not established a facially plausible claim that is entitled to relief.

### IV.   CONCLUSION

Based on the foregoing reasons, Petitioner's Motion for Leave to File an Amended Complaint, (ECF No. 20), is **DENIED**. An appropriate form of Order accompanies this Opinion.

SO ORDERED

*s/Joseph A. Dickson*
Joseph A. Dickson, U.S.M.J.
Date: 3/24/2017

cc: Honorable Esther Salas, U.S.D.J.